UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re: Subpoena in )
)
M. SANTINI )
)  Case No. 1:06MS00179
      Plaintiff, )  Judge Rosemary M. Collyer
v. )  Deck Type: Miscellaneous
)
ANTHONY HERMAN, DANIEL GROVE )
)
      Defendants. )

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff, pro se, hereby moves to compel production of documents from the U.S. attorney's office in Washington, D.C. in this matter.

The Court is respectfully referred to the accompanying memorandum in support of this motion. A proposed order also accompanies the motion.

Respectfully submitted,

*[signature]*

Maureen Santini, pro se
4811 Bayard Boulevard
Bethesda, MD 20816
301.320.1672

RECEIVED
MAY 16 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re: Subpoena in )
)
MAUREEN SANTINI )
)
      Plaintiff, ) Case No. 1:06MS00179
v. ) Judge: Rosemary M. Collyer
) Deck Type: Miscellaneous
ANTHONY HERMAN, DANIEL GROVE )
)
      Defendants. )
)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

In April 2006 plaintiff subpoenaed documents from the U.S. attorney's office as part of discovery in the above captioned case, F-7642-00, pending in D.C. Superior Court. EXHIBIT 1

The subpoena was issued under Rule 45 of the D.C. Superior Court Rules of Civil Procedure.

On April 26, 2006, the U.S. attorney's office removed the matter to U.S. District Court and filed a motion to quash the subpoena, contending D.C. Superior Court has no jurisdiction over the U.S. attorney's office and that such requests must be filed under the Administrative Procedure Act. EXHIBIT 2

Plaintiff's subpoena seeks documents from an underlying case in which she was charged with two counts of felony threats on December 15, 2000.

In its motion to quash, the U.S. attorney's office also stated that the subpoena was invalid because it was not addressed to a specific individual but rather to the Superior Court division of the U.S. attorney's office.

Plaintiff addressed the subpoena generically because those whose names were known to plaintiff have since departed the U.S. attorney's office, on information and belief. Plaintiff's efforts to locate former assistant U.S. attorneys Thomas C. Taylor and Patrick Kim were unsuccessful.

Administrative Procedure Act

Pursuant to 5 U.S.C.S. §301, a federal agency may establish procedures for responding to non-party subpoenas. Such regulations are known as Touhy regulations. *Treux v. Allstate Insurance Co., 233 F.R.D. 188* at 190.

Plaintiff therefore files this motion under the Administrative Procedure Act, 5 U.S.C. §701, et seq., to compel the U.S. attorney's office to produce documents relating to its prosecution of plaintiff in 2000 and others charged under the same D.C. Code sections.

Under the law of the D.C. Circuit, when a federal agency prohibits its employees from responding to a subpoena under Touhy regulations, the requesting party must proceed under the Administrative Procedure Act and a federal court will review the agency's decision under an arbitrary and capricious standard. *Treux v. Allstate Insurance Co., supra, at 191.*

Factual Background

On December 15, 2000, the U.S. attorney's office in Washington D.C. charged plaintiff in D.C. Superior Court with two counts of felony threats. The alleged threats were made *three months* before plaintiff's arrest. Plaintiff has consistently denied ever threatening to harm the complainant. Plaintiff has consistently denied ever having intent to cause physical harm to the complainant.

Within weeks after plaintiff's arrest, the U.S. attorney's office inexplicably dismissed both felonies and substituted a single misdemeanor. The misdemeanor was dismissed after plaintiff entered the diversion program.

As a result of having felony charges lodged against her, plaintiff has a permanent felony arrest record and has been unable to find permanent employment for the first time in nearly 40 years.

In September 2003 plaintiff filed the above-captioned negligence and breach of contract case in D.C. Superior Court against Anthony Herman and Daniel Grove, the attorneys who represented her in the underlying cases.

The information sought in the subpoena cannot be obtained by other means. The defendants' depositions, interrogatories and production of documents have not answered the questions in the subpoena.

Grove's billing logs (EXHIBIT 3) show he had several conversations with the U.S. attorney's office but Grove, in a deposition, stated he cannot recall the substance of the conversations. Grove also stated he knew nothing about the involvement of confidential informant(s) in the case.

4

All information obtained so far suggests there was no proper basis for plaintiff's arrest or prosecution. In an effort to discover whether selective prosecution occurred, plaintiff requests the following information about others charged under the same Sections from 1996 through 2005: name, race, gender, age or date of birth, disposition of charge, name of prosecuting attorney and name of the person who made the decision to lodge the charge(s). On information and belief, this is public information.

The details of plaintiff's request for information about previous use of the sections listed above is contained in EXHIBIT 6, presented here for the first time.

Relief Requested

As part of discovery, plaintiff respectfully requests the Court to compel the U.S. attorney's office to give plaintiff (a) a complete copy of plaintiff's criminal file, (b) all information requested in Exhibits 1 and 6 and (c) information on the whereabouts of Mr. Kim and Mr. Taylor.

Plaintiff further asks the Court to order the U.S. attorney's office to produce the most knowledgeable person in the office for deposition in this matter if and when requested.

This relief is needed for the reasons outlined in this motion including:

On information and belief, the U.S. attorney's office dismissed the felony charges after realizing it had no evidence against plaintiff except the uncorroborated testimony of the complainant.

On information and belief, the U.S. attorney's office dismissed the felony charges after a Grand Jury refused to indict plaintiff.

FOIA Response

Before subpoenaing documents from the U.S. attorney's office, plaintiff requested information from the Department of Justice under the Freedom of Information Act. In response, plaintiff was provided with redacted versions of public documents that she had previously obtained in unredacted form from her file in D.C. Superior Court.

To plaintiff's surprise, the redactions included the name of the detective who signed the affidavit in support of arrest warrant, the contents of the affidavit, and the name of the complainant, all of which was visible in the original version. EXHIBIT 4

To plaintiff's astonishment, the Justice Department said it withheld additional information to avoid identifying confidential informant(s). EXHIBIT 5

The revelation of the involvement of confidential informant(s) in plaintiff's arrest and/or prosecution raises new issues that were unknown to plaintiff and her attorney at the time.

Others Charged

In addition, plaintiff seeks information about number of times others have been charged with violating the sections of the D.C. Code that plaintiff was charged with. Plaintiff was originally charged with violating Title 22, Section 2307. After the felonies were dismissed, she was charged with violating Title 22, Section 507.

Plaintiff also seeks information about the number of times people have been charged with violating section 504(c) of Title 22. The U.S. Attorney's office originally planned to charge plaintiff with violating this section, according to a November 30, 2000 letter signed by Assistant U.S. Attorney Thomas C. Taylor.

On information and belief, the U.S. attorney's office is privy to exculpatory evidence that has never been shared with plaintiff or plaintiff's attorney.

On information and belief, information in the possession of the U.S. attorney's office will show that plaintiff never should have been charged with any crime.

This information, unobtainable elsewhere, is essential to plaintiff's trial preparations in the breach of contract and negligence case pending in D.C. Superior Court.

Plaintiff states under penalty of perjury that the foregoing information is truth to the best of her knowledge.

Respectfully submitted,

*Maureen Santini*

Maureen Santini, pro se
4811 Bayard Boulevard
Bethesda, MD 20816
301.320.1672

May 16, 2006