# EXHIBIT 1
## Subpoena Issued April 2006

SUBPOENA

### Superior Court of the District of Columbia
CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone (202) 879-1133

**Plaintiff:** Maureen Santini

**SUBPOENA IN A CIVIL CASE**

**Defendant:** Anthony Herman and Daniel Grove

**CASE NUMBER:** 03-CA-7616

**To:** US Atty's Office Superior Court Divis

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| COURTROOM | DATE | TIME |
|---|---|---|
|  |  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE | TIME |
|---|---|---|
|  |  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (*list documents or objects*):

**DOCUMENTS OR OBJECTS:** See attached

| PLACE OF PRODUCTION | DATE | TIME |
|---|---|---|
| 4811 Bayard Blvd, Bethesda, MD 20816 | April 27, 2006 | 1 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE | TIME |
|---|---|---|
|  |  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. SCR-CIV 30(b)(6).

**ISSUING PERSON'S SIGNATURE AND TITLE** (indicate if attorney for plaintiff or defendant)

*Maureen Santini*

**DATE:** April 17, 2006

**ISSUING PERSON'S NAME, ADDRESS AND PHONE NUMBER**

Maureen Santini, pro se
4811 Bayard Boulevard
Bethesda, MD 20816
301.320.1672

EXHIBIT 1

Authorization as required by D.C. Code §14-307 and Brown v. U.S., 567 A. 2d 426 (D.C. 1989), is hereby given for issuance of a subpoena for medical record concerning a person who has not consented to disclosure of the records and has not waived the privilege relating to such records.

_____
Judge to Whom Case is Assigned

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 4.21.06 | U.S. Attorney's Office |

SERVED ON (PRINT NAME)   MANNER OF SERVICE
(attach return receipt if service was made by registered or certified mail)

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| US Postal Service | certified mail |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  4.23.06
                DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, SUPERIOR COURT RULES OF CIVIL PROCEDURE, Sections C & D:

SENDER: COMPLETE THIS SECTION
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Weinsheimer/Hilbarger
US Att'y Office
Superior Court Div
555 Fourth St NW
Washington DC
20530

COMPLETE THIS SECTION ON DELIVERY
A. Signature
X _____ ☐ Agent / ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

2. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

(d) Duties in Responding to Subpoena.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest the claim.

9

## Subpoena Attachment

Pursuant to DC Superior Court Civil Procedure Rule 45, this subpoena calls for you to produce the documents described below.

### Instructions

1. If you object to part of a request, specify which part and produce the remainder.

2. These requests shall be construed in the broadest way, for instance, "all" includes "any" and vice versa; singular includes plural and vice versa.

3. "Documents" are defined as information in any form or format whatsoever, whether for personal or official use, including emails and phone logs.

4. If documents requested below are in another's custody, the person named on the subpoena shall give this subpoena to the custodian with instructions to comply.

### Requests for Production of Documents

1. All documents, including emails and other electronic documents, that reflect or relate to communications about Ms. Santini, implicitly or explicitly, between or among (a) Daniel Grove, Anthony Herman, David Schertler, Mark Shamel, Barry Coburn, Robert Wrzosek, Pamela Rons, Robert Williams, Peter Maignan, Larry Mathes, Larry Mathis, L. Ross Mathes, L. Ross Mathis, Timothy Erday, and/or Ralph Robinson and (b) assistant U.S. attorneys and/or their designees from December 1, 1999 through May 30, 2001.

2. The names of all persons in the U.S. attorney's office who were involved in F7642-00 case and a description of their roles.

3. All documents that show why the attached letter dated November 30, 2000 was written.

10

13. All documents that show whether Daniel Grove or Pamela Rons were told of Grand Jury proceedings in this matter and what information was provided to them.

14. All documents explaining why two felony counts against Ms. Santini were dropped and a single misdemeanor substituted.

15. All documents that show whether Daniel Grove or Pamela Rons were informed why the two felonies were reduced to one misdemeanor shortly after Ms. Santini's arrest.

16. All documents that show the involvement of Robert Wrzosek, Mark Shamel or David Schertler in this matter, including copies of all correspondence.

17. All documents received by the U.S. attorney's office from Robert Wrzosek, Robert Williams, Mark Shamel, David Schertler, Daniel Grove, Pamela Rons, Anthony Herman, Larry Mathes, Larry Mathis, L. Ross Mathes, L. Ross Mathis Ralph Robinson, Peter Maignan, or Barry Coburn regarding this matter or other, uncharged conduct.

18. All documents that assess the strength or weakness of the case against Ms. Santini.

19. All documents that explain the involvement of confidential sources in this matter.

4. Copies of all correspondence regarding the matters discussed in the November 30, 2000 letter between (a) you or others in the U.S. attorney's office and (b) any person listed in Request No. 1 above between August 15, 2000 and December 31, 2000.

5. All documents referring to all conversations, written or verbal, with any of those listed in Request No. 1 above regarding any matter in which Maureen Santini was implicitly or explicitly mentioned.

6. A list of all persons who were potential witnesses in F7642-00.

7. All documents relating to potentially exculpatory evidence in this matter.

8. All exculpatory evidence, or potentially exculpatory evidence, that (a) was turned over to Daniel Grove or Pamela Rons, or (b) should have or would have been turned over to Daniel Grove or Pamela Rons had they requested such information and had the case gone to trial.

9. All documents that show whether you or any other person in the U.S. attorney's office referred to possibly exculpatory evidence with Daniel Grove or Pamela Rons or any other person named in Request No. 1.

10. All exculpatory evidence, or potentially exculpatory evidence, that has come to light since the case was diverted.

11. All documents indicating whether a Grand Jury was asked to indict Ms. Santini and the outcome of that request.

12. A transcript of all Grand Jury proceedings in F7642-00.