UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re: Subpoena in )
)
M. SANTINI )
)
         Plaintiff, ) Case No. 1:06MS00179
v. ) Judge Rosemary M. Collyer
) Deck Type: Miscellaneous
)
ANTHONY HERMAN, DANIEL GROVE )
)
         Defendants. )
)

PLAINTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENA

Plaintiff respectfully requests the Court to order the U.S. attorney to provide the information sought. Plaintiff incorporates her motion to compel, filed May 16, 2006, by reference and makes the following points.

<u>Jurisdiction</u>

The U.S. District Court has jurisdiction over this matter because plaintiff has exhausted her administrative remedies in seeking documents from her 2000-2001 arrest case. Plaintiff's appeals under the Freedom of Information Act and Privacy Act have been denied. Exhibit 1.

When the government produced several redacted versions of publicly available documents in 2005 in response to plaintiff's requests, it withheld 30 pages, citing a variety of exemptions.

Although the withholding agency bears the burden of justifying its decision (*King v. U.S. Department of Justice*, 830 F.2d 210, 217 (D.C. Cir 1987)), plaintiff has been unable to evaluate the validity of the claimed exemptions because the government denied



1

RECEIVED
JUN 3 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT

plaintiff's request for a privilege log or Vaughn Index. (See Exhibit 1, page 2) Nor did the government submit any affidavit describing the withheld documents.

Challenges to an agency's decision to withhold information under the Freedom of Information Act are reviewed de novo. *King*, 830 F.2d at 217.

Government is a Person

The argument that the subpoena was improper because the government is not considered a person is specious for several reasons. First, as the attachments to the U.S. attorney's motion to quash show, the envelope containing the subpoena was addressed to "Bradley Weinsheimer or Thomas Hilbarger." Second, plaintiff originally addressed the subpoena to two people who worked on plaintiff's case in 2000-2001 but learned before mailing that they were no longer with the U.S. attorney's office.

Third, *Yousuf v. Samatar*, No. 05-5197, 2006 WL 1651050 (D.C. Cir. June 16, 2006), makes it explicit that the government is indeed considered a person for purposes of Rule 45 subpoenas. "Because the Government has given us no cause to ignore the Supreme Court's command that we interpret each Rule *in pari materia* with the others, we hold the Government is a 'person' subject to the subpoena under Rule 45 regardless whether it is a party to the underlying litigation," the U.S. Court of Appeals for the District of Columbia said at 16.

Categories of Documents Needed for Pending Litigation

The documents in question stem from plaintiff's arrest on two charges of felony threats on December 15, 2000. To the plaintiff's knowledge, the charges were based on the allegations of a single complainant and were otherwise unsubstantiated and

uncorroborated. The alleged threat was made *three months* before plaintiff's arrest and she has consistently denied ever threatening to harm the complainant.

Within a month after plaintiff's arrest, and before any substantive hearing had occurred, the U.S. attorney dropped both felonies without explanation and substituted one misdemeanor.

Plaintiff seeks all documents in the U.S. attorney's files but three categories of documents are particularly crucial for plaintiff's trial preparations in *Santini v. Herman and Grove*, 03-CA-7616 pending in D.C. Superior Court.

The first category of documents would provide missing factual background information about whether or not a Grand Jury was convened in plaintiff's case and why or why not. Plaintiff's then-attorney waived preliminary hearing and acknowledged that he knew the case would go to a Grand Jury immediately. On information and belief, the felonies were dropped either because the complainant refused to testify before the Grand Jury or because the Grand Jury refused to indict. Plaintiff has a right to know the facts regarding her prosecution.

The second category of information crucial to plaintiff's trial preparations includes all exculpatory and possibly exculpatory information. On information and belief, the U.S. attorney became aware of the extreme unlikelihood that plaintiff would have committed such a crime as well as any prior or later information regarding the complainant and impeachment information, including tendency to misconstrue.

Potentially exculpatory information should have been provided to plaintiff five years ago. "...The government has a constitutional duty to volunteer exculpatory

3

evidence to a criminal defendant." *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

The third category of important information concerns why such serious charges were lodged on the uncorroborated word of one complainant who had no physical evidence, why neither the police department nor U.S. attorney's office attempted to obtain plaintiff's side of the story before burdening her with a permanent felony arrest record, whether there was disagreement about charging plaintiff, who made the final decision to charge, and whether – based on the number of others charged with the same crime – plaintiff was singled out for prosecution. See plaintiff's detailed request for information in her Motion to Compel.

Plaintiff also requests the whereabouts of the two assistant U.S. attorneys who handled her case along with permission to depose them and the most knowledgeable person in the U.S. attorney's office.

Although the government has claimed exemptions based on concern about revealing the identity of confidential sources, the government should be able to segregate this information out the information in the three categories referred to above. However, to the extent that the government's case was built on information from unidentified sources that has never been disclosed to plaintiff, plaintiff does believe she has a right to know the name of her accuser if other than the already identified complainant.

Summary

The information requested above and in plaintiff's Motion to Compel is vital to plaintiff's trial preparations and plaintiff requests that it be produced as soon as possible.

4

Because the discovery deadline in the Superior Court case is July 14, plaintiff respectfully requests expedited handling of this issue.

To the extent that any of the requested information is denied, plaintiff requests a detailed privilege log or Vaughn index describing each withheld document in detail.

Respectfully submitted,

*Maureen Santini*

Maureen Santini, pro se
4811 Bayard Boulevard
Bethesda, MD 20816
301.320.1672

June 30, 2006

5

# EXHIBIT 1

U.S. Department of Justice

Office of Information and Privacy

Telephone: (202) 514-3642                    Washington, D.C. 20530

SEP 0 6 2005

Ms. Maureen Santini                     Re:  Appeal No. 05-1335
4811 Bayard Boulevard                        Request No. 04-3900
Bethesda, MD  20816-1763                     RLH:NSQ:ALB

Dear Ms. Santini:

    You appealed from the action of the Executive Office for United States Attorneys on your request for access to records concerning you.

    After carefully considering your appeal, I have decided to affirm the EOUSA's action on your request.

    The records you requested are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2).  See 28 C.F.R. § 16.81 (2004).  Because these records are not available to you under the Privacy Act, your request has been reviewed under the Freedom of Information Act in order to afford you the greatest possible access to the records requested.

    The EOUSA properly withheld from you certain information that is protected from disclosure under the FOIA pursuant to:

    5 U.S.C. § 552(b)(2), which concerns matters that are related solely to internal agency practices;

    5 U.S.C. § 552(b)(3), which concerns matters specifically exempted from release by statute (in this instance, Rule 6(e) of the Federal Rules of Criminal Procedure, which pertains to the secrecy of grand jury proceedings);

    5 U.S.C. § 552(b)(5), which concerns certain inter- and intra-agency communications protected by the attorney work-product privilege;

    5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties;

-2-

    5 U.S.C. § 552(b)(7)(D), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to disclose the identities of confidential sources and information furnished by such sources; and

    5 U.S.C. § 552(b)(7)(F), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to endanger the life or personal safety of an individual.

I have also determined that this information is not appropriate for discretionary release.

    Regarding your inquiry concerning two felony charges, please note that the FOIA does not require federal agencies to answer questions in response to a FOIA request or appeal, but rather is limited to requiring agencies to provide access to reasonably described, nonexempt records. NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 162 (1975); Zemansky v. EPA, 767 F.2d 569, 574 (9th Cir. 1985).

    Lastly, I am denying your request that we itemize and justify each item of the information withheld. You are not entitled to such a listing at the administrative stage of processing FOIA requests and appeals. See Judicial Watch v. Clinton, 880 F. Supp. 1, 10 (D.D.C. 1995).

    If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                                        Sincerely,

                                        Richard L. Huff
                                      Co-Director

## CERTIFICATE OF SERVICE

I hereby certify I served a copy of the foregoing response to motion to quash via regular mail on this 30th day of June 2006 to:

W. Mark Nebeker
Assistant U.S. Attorney
Civil Division
555 4th Street NW
Washington, D.C. 20530

Seth A. Tucker
Covington & Burling
1201 Pennsylvania Avenue NW
Washington DC 20004

David N. Webster
Caplin & Drysdale
One Thomas Circle NW
Washington DC 20005

Charles B. Molster III
Winston & Strawn
1700 K Street NW
Washington DC 20006

                                        _____
                                        Maureen Santini, pro se
                                        4811 Bayard Boulevard
                                        Bethesda, MD 20816
                                        301.320.1672

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: Subpoena in ) <br> ) <br> M. SANTINI ) <br> ) <br>        Plaintiff, ) <br> v. ) <br> ) <br> ANTHONY HERMAN, DANIEL GROVE ) <br> ) <br>        Defendants. ) <br> _____ ) | Case No. 1:06MS00179 <br> Judge Rosemary M. Collyer <br> Deck Type: Miscellaneous |

PROPOSED ORDER

Upon review of the motion to quash, the response to the motion, and the motion to compel U.S. attorney's office to provide information, it is this ____ day of July 2006 hereby:

ORDERED that plaintiff's motion to compel is granted.

ORDERED that the U.S. attorney's motion to quash is denied.

ORDERED that the U.S. attorney's office shall produce the three categories of information requested in plaintiff's opposition to the motion to quash within 7 days after receiving this order.

ORDERED that the U.S. attorney's office shall produce the information sought in Exhibits 1 and 6 in plaintiff's Motion to Compel within 14 days after receiving this order.

ORDERED that the U.S. attorney's office shall produce for deposition the person most knowledgeable about plaintiff's criminal prosecution at a mutually agreeable time within 10 days after receiving this order.

ORDERED that the U.S. attorney's office shall inform plaintiff of the whereabouts of former U.S. attorney office personnel who worked on plaintiff's case, including Patrick Kim, Thomas C. Taylor, and others unnamed, within 7 days after receiving this order.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Seth A. Tucker
Covington & Burling
1201 Pennsylvania Avenue NW
Washington DC 20004

David N. Webster
Caplin & Drysdale
One Thomas Circle NW
Washington DC 20005

Maureen Santini
4811 Bayard Boulevard
Bethesda, MD 20816

Charles B. Molster III
Winston & Strawn
1700 K Street NW
Washington DC 20006

W. Mark Nebeker
Assistant U.S. attorney
Civil Division
555 4th Street NW
Washington, D.C. 20530

7