UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In Re Subpoena in                )
                                 )
    MAUREEN SANTINI,             )
                                 )
                    Plaintiff,   )
    v.                           )   Misc. No.  06-179 RMC
                                 )
    ANTHONY HERMAN, et al.,      )
                                 )
                    Defendants.  )
_____)

<u>REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENA</u>

The United States Attorney, through the undersigned counsel, and on behalf of the Office of the United States Attorney hereby files this reply to Plaintiff's Response To Motion To Compel ("Plaintiff's Response"). Because Plaintiff was over two months late in responding to the motion to quash,[1] the Court could treat the motion to quash as conceded. See Local Civil Rule 7(b) (if a memorandum of points and authorities in opposition to a motion "is not filed within the prescribed time, the Court may treat the motion as conceded.").

In any event, Plaintiff's Response does not offer any basis to deny the motion to quash. As noted in the government's June 20, 2006 Notice Of Supplemental Authority, the Court of Appeals' decision in <u>Yousuf</u> v. <u>Samantar</u>, No. 05-5197, 2006 WL 1651050

---

[1] The motion to quash was served by mail on the parties on April 26, 2006. Thus, a response was due on or before May 10, 2006. See Local Civil Rule 7(b) (oppositions are due 11 days after service of a motion); Fed. R. Civ. P. 6(e) (adding 3 days if service is made by mail).

RECEIVED
JUL 1 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(D.C. Cir. June 16, 2006), may have affected the viability of one of the arguments earlier raised in the motion to quash.[2]

There remains, however, the inescapable conclusion that this Court lacks jurisdiction to enforce the subpoena at issue or to grant any relief to Plaintiff that she has sought.[3] See Houston Business Journal v. OCC, 86 F.3d 1208, 1211 (D.C. Cir. 1996) ("federal court's jurisdiction upon removal is derivative of the state court's, the federal court in a removed action is also barred from enforcing a subpoena against the federal government").

Plaintiff suggests that this Court can enforce the Superior Court's subpoena somehow because she once made a request for

---

[2] The Yousuf decision was premised in large part on the timing of the adoption of the Dictionary Act, which, the Court concluded had been passed after the adoption of Fed. R. Civ. P. 45. The Superior Court rule upon which Plaintiff has relied, was adopted after the Dictionary Act came into existence. Nevertheless, the obvious lack of subject matter jurisdiction on removal of this subpoena matter makes resorting to the interpretation of the statute and Superior Court rule unnecessary.

[3] Plaintiff now seeks not only the information in the Subpoena Duces Tecum issued by the Superior Court, but also several new categories of information, an order to produce a witness for deposition, and the addresses of former U.S. attorney office personnel who worked on plaintiff's criminal case. See Plaintiff's Proposed Order. She offers no authority upon which this Court might base jurisdiction for any such relief. And, the Office of the United States Attorney for the District of Columbia opposes such expansion of this subpoena matter in this manner. See Houston Business Journal 86 F.3d at 1212 n.4 ("neither state-court nor federal-court litigants may obtain a subpoena ad testificandum against an employee of a federal agency that has enacted a Touhy regulation.") (citations omitted).

information under the Freedom of Information Act ("FOIA"). <u>See</u> Plaintiff's Response at 1. This is not, however, a FOIA case; rather, it is a subpoena matter removed from a Court that has no jurisdiction to provide the relief sought. In any event, Plaintiff concedes that she has received a response to her FOIA request. <u>See</u> Plaintiff's Response 1-2 and Exhibit 1 to Plaintiff's Response. As noted in that response, Plaintiff's recourse, if she wishes to challenge any withholdings under the FOIA, is not to subpoena documents using a subpoena from a court lacking jurisdiction to enforce the subpoena, but to "seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B)." <u>Id</u>. That statutory provision limits jurisdiction to instances where a complaint has been filed:

> <u>On complaint</u>, the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from <u>the complainant</u>.

5 U.S.C. § 552(a)(4)(B) (emphasis added); <u>see also</u> 5 U.S.C. § 552(a)(4)(C) (calling for a defendant in a FOIA case to respond to any complaint made under the FOIA only after service upon the defendant of the "pleading" in which such complaint is made).[4] Plaintiff has not filed or served upon any federal agency a

---

[4] A subpoena is not a "pleading." <u>See</u> Fed. R. Civ. P. 7(a).

complaint under the FOIA in this Court.[5]

CONCLUSION

Wherefore, Plaintiff's Motion To Compel should be denied and the Motion To Quash should be granted.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

---

[5] Even were Plaintiff to pursue a FOIA action, the documents withheld, in whole or in part, were properly withheld under the various exemptions noted in the exhibit to Plaintiff's Response. See 5 U.S.C. § 552(b). Indeed, her descriptions of the information sought reveal that she seeks to discover matters protected by SCR-Crim. R. 6(e); deliberative and/or attorney work-product information; and law enforcement information protected from disclosure. See Plaintiff's Response at 3-4. Although advised in September 2005 of the method for gaining judicial review of the agency's FOIA response, see Plaintiff's Response, Exhibit 1, Plaintiff appears to attempt to avoid the expenditure of a filing fee and the drafting of a Complaint. This may be some indication of Plaintiff's assessment of the viability of such a FOIA action. Nevertheless, she offers no basis to expand this Court's jurisdiction where the Court of Appeals has concluded it does not exist. See Houston Business Journal, supra.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Reply To Plaintiff's Response To Motion To Quash Subpoena was made by mailing copies thereof to:

MAUREEN SANTINI
4811 Bayard Boulevard
Bethesda, MD  20816

DAVID WEBSTER, ESQ.
Caplin & Drysdale
1 Thomas Circle, N.W.
Washington, DC  20005

CHARLES MOLSTER, III, ESQ.
Winston & Strawn
1700 K Street, NW
Washington, DC  20006

and

SETH A. TUCKER, ESQ.
Covington & Burling
1201 Pennsylvania Avenue NW
Washington DC  20044-7566

on this 13th day of July, 2006.

W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230