UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: Subpoena in ) | |
| ) | |
| M. SANTINI ) | |
| ) | Case No. 1:06MS00179 |
| Plaintiff, ) | Judge Rosemary M. Collyer |
| v. ) | Deck Type: Miscellaneous |
| ) | |
| ANTHONY HERMAN, DANIEL GROVE ) | |
| ) | |
| Defendants. ) | |
| _____) | |

SUPPLEMENT TO PLAINTIFF'S MOTION TO COMPEL

Plaintiff files this supplement for two reasons. First, to urge the Court to quickly approve plaintiff's request to depose the assistant U.S. attorney with the most knowledge about plaintiff's criminal case. Second, to present the Court with a recently obtained document showing that on October 25, 2000, the U.S. attorney's office refused to file criminal charges against her. EXHIBIT A. Plaintiff will explain each point below.

Urgent Approval of Deposition Request

As stated previously, plaintiff is seeking discovery of the circumstances surrounding her arrest and prosecution in 2000 and 2001 for use in a civil case pending in D.C. Superior Court. Although discovery in that case recently closed, the Court specified that plaintiff could complete the matters pending in U.S. District Court.

Since time is of the essence, plaintiff respectfully requests the Court to order the U.S. attorney's office to produce the AUSA most knowledgeable about plaintiff's arrest for immediate deposition. Plaintiff further requests the Court to order the U.S. attorney's office to inform plaintiff of the whereabouts of AUSAs who worked on plaintiff's case

**RECEIVED**

JUL 2 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

but have apparently since left, including but not limited to AUSAs Kim, Taylor, and Tischner.

### Denial of Original Request for Arrest Approval

In her motion to compel and in her opposition to the U.S. attorney's motion to quash her subpoena, plaintiff presented the rationale, history, legal standard, and documents supporting her request to discover documents in the custody of the U.S. attorney's office regarding her case.

Exhibit A is a documents recently produced by the Metropolitan Police Department that shows the department's initial request for approval to arrest plaintiff was denied on October 25, 2000.

Since an arrest warrant ultimately was issued on December, 5, 2000, the question is why the warrant request was originally denied and why it was later issued since there were no substantive changes in the interim.

Additionally, as previously stated, plaintiff has reason to believe that her file contains exculpatory or potentially exculpatory evidence. Plaintiff needs access to this information for her own peace of mind as well as for use in the pending civil suit.

Only the production of all documents remaining in the U.S. attorney's file will clarify whether the government had information that should have been turned over to plaintiff, resulting in a Brady violation.

*Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) requires the prosecution to disclose exculpatory material in time to allow the defense to use the material effectively in preparation of its case. *Edelen v. United States*, 627 A.2d 968, 970 (D.C. 1993) quoted in *Sykes v. United States*, 2006 D.C. App. LEXIS 98 at 22.

In addition to exculpatory material, "the government is required to disclose evidence ... that affects the credibility of a government witness where material to guilt or punishment," *Sykes,* supra, at 22 quoting *Ebron v. United States,* 838 A.2d 1140, 1155 (D.C. 2003).

Moreover, "a prosecutor's timely disclosure obligation with respect to Brady material can never be overemphasized and the practice of delayed production must be disapproved and discouraged," *Sykes,* supra, at 23 quoting *Curry v. United States,* 658 A.2d 193, 197 (D.C. 1995).

The *Sykes* Court found that the government's late disclosure of *Brady* information and inability to locate potential defense witnesses who had given grand jury testimony that was potentially exculpatory "impinged on Mr. Sykes' constitutional due process right to a fair opportunity to defend himself" at 3. The Court further found that "there was a reasonable probability that the outcome would have been different" but for the violations. The case was reversed and remanded for a new trial.

It is too late to use any exculpatory information in plaintiff's defense, of course, but it is not too late to provide plaintiff with the factual underpinning of her arrest and prosecution. In keeping with the recently decided *Sykes v. United States,* and all case law requiring disclosure of potentially exculpatory evidence, plaintiff urges the Court to compel the government to produce its file to plaintiff and to allow depositions of appropriate officials.

<u>Government is a Person for Purposes of Plaintiff's Subpoena</u>

Another recently decided case, *Yousuf v. Samantar,* No. 05-5107 2006 WL 1651050 (D.C. Cir. June 16, 2006) declared that for purposes of Rule 45 subpoenas the

government is indeed a person regardless of whether it is a party to the underlying litigation and thus is subject to such subpoenas.

These two recent decisions appear to pave the way for deposition testimony and production of the remaining unproduced documents in the files of the U.S. attorney's office. Plaintiff seeks quick resolution of this matter for use in the pending civil suit.

Respectfully submitted,

*Maureen Santini*

Maureen Santini, pro se
4811 Bayard Boulevard
Bethesda, MD 20816
301.320.1672

July 26, 2006

EXHIBIT A – Denial of Request for Approval for Arrest Warrant

## CERTIFICATE OF SERVICE

I hereby certify that I sent a copy of the supplement to motion to compel via first class mail on this 27th day of July 2006 to:

W. Mark Nebeker
Assistant U.S. Attorney
Civil Division
555 4th Street NW
Washington, D.C. 20530

Seth A. Tucker
Covington & Burling
1201 Pennsylvania Avenue NW
Washington DC 20004

David N. Webster
Caplin & Drysdale
One Thomas Circle NW
Washington DC 20005

Charles B. Molster III
Winston & Strawn
1700 K Street NW
Washington DC 20006

Maureen Santini, pro se
4811 Bayard Boulevard
Bethesda, MD 20816
301.320.1672