UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MAUREEN SANTINI, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-MS-179 (RMC) |
| ANTHONY HERMAN, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Maureen Santini sued Anthony Herman and Daniel G. Grove in the Superior Court of the District of Columbia concerning their legal representation in connection with a criminal prosecution of Ms. Santini in Case No. F-7642-00 in Superior Court. On or about April 17, 2006, acting *pro se*, Ms. Santini sent a subpoena to the "US Atty's Office Superior Court Divis" to produce and permit inspection and copying of certain documents concerning the criminal prosecution.[1] The United States Attorney for the District of Columbia removed to this Court on April 26, 2006,[2] and requests that the Court quash the subpoena.

Neither the Superior Court nor this Court has jurisdiction to enforce a Superior Court subpoena when the party seeking enforcement has failed to comply with an agency's *Touhy*

---

[1] In later pleadings, Ms. Santini also indicated that she seeks a deposition. See Pl.'s Mot. to Compel [Dkt. #3] at 6.

[2] The U.S. Attorney removed this case pursuant to *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 412-415 (D.C. Cir. 1995) (removal jurisdiction exists under 28 U.S.C. sections 1442(a) where a federal official declines to comply with a subpoena).

regulations. *See United States ex. rel. Touhy v. Ragen*, 340 U.S. 462 (1951) (agency heads may withdraw from agency employees the power to release government documents). In state court, sovereign immunity shields the federal government, thereby preventing the state court from enforcing a subpoena. *Houston Business Journal v. OCC*, 86 F.3d 1208, 1211 (D.C. Cir. 1996). Further, "because a federal court's jurisdiction upon removal is derivative of the state court's, the federal court in a removed action is also barred from enforcing a subpoena against the federal government." *Id.* at 1212. Moreover, a court cannot enforce a subpoena against a federal agency employee when the agency has enacted valid *Touhy* regulations. *Id.* (citing *Touhy*, 340 U.S. at 467-69). When an agency has enacted *Touhy* regulations, the litigant must proceed under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* ("APA"), and the federal court will review any agency decision not to permit its employee to testify under an arbitrary and capricious standard. *Houston Business Journal*, 86 F.3d at 1212 n.4; *accord Ho v. United States*, 374 F. Supp. 2d 82, 83 (D.D.C. 2005), *appeal dismissed*, No. 05-5319, 2006 WL 1675318 (D.C. Cir. June 12, 2006). Whether a plaintiff seeks testimony or the production of documents from an agency, she must comply with the agency's *Touhy* regulations. *Yousuf v. Samantar*, No. 05-ms-110, 2005 WL 1523385, * 5 n.9 (D.D.C. May 3, 2005), *rev'd and remanded on other grounds*, 451 F.3d 248 (D.C. Cir. 2006).

The Department of Justice, of which the U.S. Attorney's Office is a constituent part, has published *Touhy* regulations at 28 C.F.R. §§ 16. 21 *et seq*. Thus, Ms. Santini must proceed under the APA and the court will review any agency decision not to permit employee testimony under the arbitrary and capricious standard. Further, Ms. Santini may seek government documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Instructed by the motion to quash her subpoena, Ms. Santini attempts to cure any

defects in her pleadings by filing a Motion to Compel Production of Documents, in asserted reliance on the APA, and a Response to Motion to Quash Subpoena framed as an appeal of the denial of her request for the same documents under FOIA and the Privacy Act, 5 U.S.C. § 552(a). The Court is unable to oblige. This matter was not initiated by a complaint which could be amended to advance new or different causes of action. Like other federal litigation, review of a FOIA case requires in the first instance that a complaint be filed. 5 U.S.C. § 552(a)(4)(B). Ms. Santini has not filed a complaint under either FOIA, the Privacy Act, or the APA, and she cannot bootstrap such a lawsuit into this proceeding.

Although Ms. Santini is representing herself and is entitled to some leeway as a *pro se* litigant, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), she must nonetheless comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (even *pro se* litigants must comply with the Federal Rules of Civil Procedure); *see* Fed. R. Civ. P. 8(a) (complaint must set forth short and plain statement of jurisdiction, grounds for relief, and demand for judgment). Should she wish to litigate her rights to the documents and/or testimony she mentions, she must follow the procedures of the DOJ's *Touhy* regulations and the FOIA and file a proper complaint.

This Court is without jurisdiction to enforce a Superior Court subpoena against the federal government. It is also without jurisdiction to consider Ms. Santini's allegations under FOIA or the APA. Ms. Santini must file a complaint after exhaustion of her administrative remedies if she wishes to pursue those allegations.

Accordingly, it is hereby **ORDERED** that the U.S. Attorney's motion to quash [Dkt. #2] is **GRANTED**; and it is

**FURTHER ORDERED** that Ms. Santini's motion to compel production of documents [Dkt. #3] is **DENIED**. This case is closed.

**SO ORDERED.**

DATE: October 17, 2006                    _____/s/_____
                                          ROSEMARY M. COLLYER
                                          United States District Judge